BART K. LARSEN, ESQ.
Nevada Bar No. 008538
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
**KOLESAR & LEATHAM**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: blarsen@klnevada.com
ncox@klnevada.com

*[Proposed] Counsel for Debtor
and Debtor in Possession
AMC Property Holdings, LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | Case No. 15-10141-abl |
|---|---|
| AMC PROPERTY HOLDINGS, LLC, | Chapter 11 |
| Debtor. | DATE: April 8, 2015<br>TIME: 11:00 a.m. |

### DECLARATION OF BART K. LARSEN IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF KOLESAR & LEATHAM AS ATTORNEYS FOR DEBTOR

I, Bart K. Larsen, Esq. hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of the matters asserted herein except for those matters stated upon information and belief, which I believe to be true.

2. I make this declaration in support of Debtor AMC PROPERTY HOLDINGS, LLC's (the "Debtor") *Application for Order Approving the Employment of Kolesar & Leatham as Attorneys for Debtor* (the "Application").

3. I am an attorney licensed to practice law in the State of Nevada. I am a shareholder in the law firm of Kolesar & Leatham, which maintains offices at 400 S. Rampart Blvd., Suite 400, Las Vegas, Nevada 89145, and I am admitted to practice before this Court.

4. The Debtor has selected Kolesar & Leatham to represent it in this case due to Kolesar & Leatham's experience in the field of bankruptcy and business reorganizations under

1810367 (9300-1)    Page 1 of 4

Chapter 11 of the Bankruptcy Code. Members of Kolesar & Leatham have been actively involved in many of the largest bankruptcy cases filed in the District of Nevada during recent years.

5. The terms of Kolesar & Leatham's representation of Debtor in this matter are set forth in the Engagement Letter attached hereto as **Exhibit "1"**. The Engagement Letter states the hourly rates in effect for Kolesar & Leatham's attorneys and paraprofessionals as of the date of the Application. Said rates are subject to periodic reconsideration.

6. During the course of this representation, Kolesar & Leatham has become familiar with the Debtor's financial affairs and business structure. Accordingly, Kolesar & Leatham has the necessary background and information needed to deal with many of the legal issues and potential problems that may arise in the context of this Chapter 11 case. Kolesar & Leatham is both experience in bankruptcy practice and well qualified to represent the Debtor in this Chapter 11 case in an efficient and timely manner.

7. Subject to the approval of this Court, it is necessary for the Debtor to employ Kolesar & Leatham to render the following professional services:

   a. To prepare schedules, statements, applications, and reports for which the services of an attorney is necessary;

   b. To advise the Debtor as to its rights and obligations and its performance of its duties during the administration of this case;

   c. To assist the Debtor in formulating a plan of reorganization and disclosure statements and to obtain approval and confirmation thereof; and

   d. To represent the Debtor in all proceedings before this Court and other courts with jurisdiction over this case.

8. Kolesar & Leatham has agreed to represent the Debtor in this matter and intends to render services for the Debtor on an hourly fee basis upon the terms to which it and the Debtor have agreed, as set forth below and as set forth in greater detail in the Engagement Letter.

9. The Debtor has agreed to the compensation of Kolesar & Leatham attorneys and paraprofessionals at varying rates as follows: fees of up to $425 per hour for attorneys, and up to $200 per hour for paraprofessional services, depending on each attorney and paraprofessional's

experience and qualifications. In addition, the Debtor has agreed to reimburse Kolesar & Leatham for all of its necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, telephone charges, mail charges, computerized legal research, travel expenses and overnight courier services.

10. Kolesar & Leatham intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules and orders of this Court, and the United States Trustee guidelines.

11. As disclosed in the Application, Kolesar & Leatham has received an advance deposit in the amount of $20,000.00 to be used to pay fees and costs incurred in this matter.

12. Kolesar & Leatham has not agreed to share any compensation received for its services provided to the Debtor in this matter with any person or entity other than a partner or associate of the firm.

13. Neither Kolesar & Leatham, nor any partner, attorney or paraprofessional associated with or employed by the firm, insofar as I have ascertained after diligent inquiry, has any connection with the Debtor, its creditors, any party of interest herein, or their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee (collectively, the "Case Parties"). In addition, Kolesar & Leatham does not employ any person who is a related to any judge of this Court or the United States Trustee for Region 17.

14. The Case Parties were checked against an electronic database containing Kolesar & Leatham firm client, case and billing information, and then manually reviewed to identify any potentially-related matters on which work has been performed since approximately January 1, 2005. The aforementioned connection check was emailed to all Kolesar & Leatham attorneys and paraprofessionals for further review for the purpose of identifying any connections to the Case Parties.

15. Kolesar & Leatham will file appropriate supplemental disclosure(s) with the Court to the extent that additional information concerning any connection is developed.

16. Based upon the foregoing, I believe that Kolesar & Leatham is a disinterested

person within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors' estates.

17.   I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 6th day of March, 2015 in Las Vegas, Nevada.

_____
BART K. LARSEN, ESQ.

EXHIBIT 1

**BART K. LARSEN, ESQ.**

blarsen@klnevada.com

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

400 SOUTH RAMPART BLVD., SUITE 400
LAS VEGAS. NEVADA 89145

TELEPHONE
(702) 362-7800

FACSIMILE
(702) 362-9472

www.klnevada.com

January 13, 2015

Bret Caruso
AMC Property Holdings, LLC
Stanley K Holdings, LLC
704 Nevada Way
Boulder City, Nevada 89005

    *Re:*    *Representation of AMC Property Holdings, LLC and Stanley K Holdings, LLC in Chapter 11 Bankruptcy Proceedings*

Dear Mr. Caruso:

    In your capacity as manager of AMC Property Holdings, LLC and Stanley K Holdings, LLC (collectively, the "Company"), you have requested that this firm represent the Company in filing a Chapter 11 bankruptcy reorganization. The purpose of this letter is to describe the anticipated scope of our legal representation, to identify the documentation and information that you will need to provide in order to proceed with the bankruptcy filing, and to explain those things that you will need to do as officers and directors of the Company during the Chapter 11 case.

    Throughout the bankruptcy proceedings, please bear in mind that this firm represents the Company, not you as individuals. In many instances, the interests of a Chapter 11 corporate debtor and the principals and owners of the debtor are aligned. However, should your interests in this matter come into conflict with those of the Company, you are hereby advised to seek the advice of independent legal counsel that is able to represent you in your individual capacities.

    The legal services typically rendered by this law firm in connection with a Chapter 11 reorganization include the following:

1.     Preparation and filing of Chapter 11 petition, lists of secured and unsecured creditors, and mailing matrix;

2.     Preparation and filing of bankruptcy schedules and statement of financial affairs;

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 2
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

3. Attendance at and responsibly for hearings, pretrial conferences, and trials arising from the bankruptcy filing (specifically, excluding any representation in state court and federal court actions, unless previously agreed) or any litigation arising in connection therewith;

4. Preparation, filing and presentation to the Bankruptcy Court of any pleading(s) necessary to protect the legal interests of The Company, including but not limited to, sales of real and personal property, injunctive relief requests under §105 of the Bankruptcy Code and appropriate adversary actions;

5. Preparation, filing and presentation to the Bankruptcy Court of a disclosure statement and plan of reorganization under Chapter 11 of the Bankruptcy Code;

6. Review of all claims made by creditors and interested parties, and of any objections to claims which are disputed; and

7. Preparation and presentation of a report of implementation of Plan and request for final decree closing the Chapter 11 case.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal proceedings as may be in your best interests.

In consideration of our rendering these legal services, you agree to pay to this firm an advance retainer of $40,000.00. Legal services rendered on behalf of the Company will be billed and charged against the retainer at an hourly rate of up to $400.00 for attorneys and up to $175.00 per hour for paraprofessional services, depending on each attorney and paraprofessional's experience, plus reimbursement of necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, telephone charges, mail charges, for computerized legal research, telecopying, and overnight courier services. After depletion of the retainer, you agree to compensate the firm, on an hourly basis at the rates set forth above, which are comparable to the rates customarily charges by attorneys and legal assistants who render professional services on behalf of debtors in such matters.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

In the course of providing legal services on behalf of the Company, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within

AMC Property Holdings, LLC**KOLESAR & LEATHAM**
Stanley K Holdings, LLCATTORNEYS AT LAW
Page 3
January 13, 2015

your knowledge and the correctness of any and all documents delivered to the firm by you or your agents.

The Company may terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. If you ever have any questions regarding any aspect of your monthly bill, please contact the undersigned at your earliest convenience.

Our charges are not contingent upon the successful conclusion of this matter. Rather, they are charged without regard to the outcome. Accordingly, we will look solely to you for payment, and our charges will not be dependant or contingent upon payment by any other party.

This letter is to memorialize some of what we have recently discussed, as well as those things that typically need to be performed during a Chapter 11 proceeding. In order to effectively represent the Company and to remain in compliance with Bankruptcy Court Rules, you will need to provide the following documents to the firm at your earliest convenience.

1.Copies of the by-laws and articles of incorporation of the Company;

2.A list of all accounts payable for the Company, including the names and addresses of all creditors;

3.A list of all accounts receivable for the Company, including the names and addresses of all parties responsible for payment of such accounts;

4.A list of all personal and real property owned by the Company, including the locations of such assets and an estimate of the liquidation value of such assets;

5.Copies of all bank account statements for the Company, including copies of all check registers, for the six full calendar months immediately proceeding the bankruptcy filing;

6.Copies of all annual financial statements for the Company for the two most recent years prior to the bankruptcy filing and any quarterly financial statements available for the current year;

7.Copies of the two most recent federal income tax returns filed for the Company;

8.Evidence of all insurance coverage held by the Company, including any casualty, worker's compensation insurance or errors and omissions insurance;

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 4
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

9. A list of the names and addresses of all shareholders of the Company and their respective ownership interests;

10. A wire diagram of all corporate entities related to the Company that hold, either directly or indirectly, any ownership or management interest in the Company;

11. A wire diagram of the operation, management and control structure of the Company;

12. A list names and addresses of all bookkeepers and accountants that have provided professional services to the Company within the last three years;

13. A list of all contracts to which either of the Company is currently a party; and

14. A list of all lawsuits and other legal proceedings to which either of the Company is currently a party.

It is not necessary that we have all of the above information prior to filing the bankruptcy petition; however, we will need these documents in order to properly complete the bankruptcy filing. Within fifteen (15) days following the filing of the petition, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities. (See discussion below.) Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a "Debtor-in-Possession." Alternatively, it is permissible to keep your existing account(s), on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession." There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession. It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month. I would also request, rather than waiting until the 20th day of each month, that we make an attempt to submit the monthly operating reports no later than the 5th day of each month. In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared. Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession. I am sure you can understand that this is not something with which we want to contend.

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 5
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

One of the items necessary to be provided to the U.S. Trustee is a copy of the insurance policy which covers the property(s) in question. Additionally, is it extremely important during the pendency of the bankruptcy that all taxes be maintained current, i.e. payroll taxes and income taxes owed to the Internal Revenue Service. This includes any payments required by the State of Nevada. It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

## THE SCHEDULES

There are certain documents to be filed within fifteen (15) days of the filing of the bankruptcy. These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs. The Schedules must be filed with the Bankruptcy Court fifteen (15) days after the petition if filed. <u>Failure to file schedules by the deadline may result in the case being dismissed by the Court without notice</u>. If the case is dismissed for failure to file Schedules, it may not be possible to immediately re-file the case.

## THE MONTHLY REPORT AND HIRING OF PROFESSIONALS

I will provide for you a copy of the monthly report form which is required by the Bankruptcy Court. If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know. If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant. The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney. Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization. In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization</u> unless payments are made to that professional's trust account and disbursed to the general account after receiving Court approval to make said transfer(s).

## THE THREE ACCOUNTS

If you are engaged in a business that has no employees, then maintaining one (1) "Debtor-in-Possession" general bank account will be satisfactory with the Court.

If, however, your business has employees, you will be required to open three separate bank accounts:

(a)   A general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer;

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 6
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

(b) The payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer; and

(c) In addition, you will need to open a tax account, into which funds shall be transferred from the general account; withdrawals from this account shall also require the signature of an authorized officer.

It will be necessary to deposit in the tax account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, the State of Nevada, or any political subdivision thereof.

Unfortunately, the requirement of three accounts is one which is seldom waived. Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter that is not absolutely critical to the administration of the estate.

## UTILITIES

Your utility Company, upon receiving notification of the Chapter 11 case, may "close out" your accounts. If at all possible, the utilities should be current when the case is filed. The utility Company are not able to shut off service to you for non-payment of pre-petition accounts. However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they may attempt to shut off service unless you pay an unreasonably high deposit which they sometimes demand.

Pursuant to the same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

## ORDINARY COURSE OF BUSINESS TRANSACTIONS

A debtor-in-possession is not required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even arguably outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, please give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 7
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans also typically requires Court approval.

## CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore, be cash collateral. Do not use any such income without Court approval. The Company, must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by the Company. Use of cash collateral, whether it is income from accounts receivable or rental income without Court approval <u>**MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED**</u>.

## LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless you take affirmative action to preserve the interest. Make sure we discuss any real property interests of the estate long before the time has elapsed.

## SINGLE-ASSET REAL ESTATE DEBTOR CASE

Based upon our initial conversation, it is my opinion that the Company may fall within the definition of a Single-Asset Real Estate Debtor under the Bankruptcy Code. Among other things, this means that you must move quickly to prepare and file a plan of reorganization with the Bankruptcy Court. If you cannot present a plan of reorganization or, at least, begin paying interest on the Company' secured debt within 90 days after the filing of your case, there is a substantial likelihood that that Bankruptcy Court will allow the secured lender to foreclose on the Company' real estate asset, which will may result in the pending bankruptcy case being dismissed or converted to a Chapter 7 liquidation.

## OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is do not pay them). As to any unsecured pre-petition debts that you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. As to payment of post-petition expenses, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular account payable is pre- or post-petition, or how it should be dealt with.

AMC Property Holdings, LLC  
Stanley K Holdings, LLC  
Page 8  
January 13, 2015

**KOLESAR & LEATHAM**  
ATTORNEYS AT LAW

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we may need to discuss in more detail is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition may be forced to disgorge those amounts back to the estate.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

## UNITED STATES TRUSTEE'S FEES

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors by the United States Trustee, the purpose of which is to help defray the cost of operation the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the follow categories:

| DISBUREMENT OF: | THE FEE, **PER QUARTER**, IS: |
|---|---|
| $14,999 or less | $325.00 |
| $15,000 to $74,999.99 | $650.00 |
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 to 1,999,999.99 | $6,500.00 |
| $2,000,000 to 2,999,999.99 | $9,750.00 |
| $3,000,000 to 4,999,999.99 | $10,400.00 |
| $5,000,000 to 14,999,999.99 | $13,000.00 |
| $15,000,000 to 29,999,999.99 | $20,000.00 |
| $30,000,000 or more | $30,000.00 |

Chapter 11 Engagement Letter(991034-171)

AMC Property Holdings, LLC
Stanley K Holdings, LLC
Page 9
January 13, 2015

**KOLESAR & LEATHAM**
ATTORNEYS AT LAW

 

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case. Failure to pay the quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a motion to dismiss or to convert you case to a Chapter 7 proceeding. It will be your responsibility to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

Feel free to contact me regarding any questions you might have. Thank you.

Very truly yours,

**KOLESAR & LEATHAM**

Bart K. Larsen, Esq.

 

I hereby agree to the terms of representation set forth above:

| AMC Property Holdings, LLC | Stanley K Holdings, LLC |
|---|---|
| By: Bret Caruso | By: Bret Caruso |
| Its: Manager | Its: Manager |