_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
October 05, 2015

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone 725-777-3000
*Attorneys to the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>AMC PROPERTY HOLDINGS, LLC<br><br>         Debtor. | Case No.: BK-S-15-10141-ABL<br>Chapter 7<br><br>Case No.: BK-S-15-10142-ABL<br>Chapter 7 |
| In re:<br><br>STANLEY K. HOLDINGS, LLC<br><br>         Debtor. | Date:  September 15, 2015<br>Time: 10:30 a.m. |

**ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF THE DEBTOR'S ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (IV) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; AND (V) GRANTING RELATED RELIEF**

Brian D. Shapiro, Chapter 7 Trustee of AMC Property Holdings, LLC (the "Debtor") in the above-captioned case, filed his motion for *Order: (I) Approving Bid Procedures Relating to Sale of the Debtor's Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; (IV) Establishing Procedures for Noticing and Determining Cure Amounts; and (V) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 88],[1] which was heard and considered by the Court on September 15, 2015, at 10:30 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Bid Procedures Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). The Court reviewed and overruled the objections to the Bid Procedures Motion. It appearing that the relief requested in the Bid Procedures Motion is in the best interest of Debtor's bankruptcy estate, its creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of this Bankruptcy Case and such notice complied with all applicable requirements of Sections 102 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

---

[1] Capitalized terms not otherwise defined in this Order shall have thee meanings set forth in the Bid Procedures Motion.

2

C.  Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, are overruled except as expressly set forth herein.

D.  Trustee has articulated good and sufficient reasons for, and the best interests of Debtor's estate, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of: (i) the Bid Procedures, including the minimum overbid amount; (ii) the procedures ("Procedures") described below for the determination of the amounts necessary to cure defaults under the Assumed Contracts and Leases (the "Cure Amounts") and to address any other disputes in connection with the assumption and assignment of the Assumed Contracts and Leases pursuant to Section 365 of the Bankruptcy Code; (iii) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, and the other matters described herein.

E.  The *Bid Procedures* attached hereto as **Exhibit "A"** (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Bankruptcy Case. Trustee is authorized to take any and all action necessary and appropriate to implement the Bid Procedures.

F.  The *Notice of Bid Procedures, Auction Date, and Sale Hearing* substantially in the form attached hereto as **Exhibit "B"** (the "Auction Notice") is reasonably calculated to provide parties-in-interest with proper notice of the potential Sale of the Assets, the related Bid Procedures, the Sale Hearing, and the related implications on creditors and other parties-in-interest

G.  The notice substantially in the form attached hereto as **Exhibit "C"** to be served on counterparties to the Assumed Contracts and Leases (the "Assumption Notice") is reasonably calculated to provide all counterparties to the Assumed Contracts and Leases with proper notice of the potential assumption and assignment of their executory contracts or unexpired leases, any Cure Amounts relating thereto, and the related Procedures.

H.  Trustee has articulated good and sufficient reasons for, and the best interests of Debtor's estate and other parties-in-interest will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale of the Assets free and

clear of all liens, Claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

I.      Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be conclusion of law.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1.      The relief requested in the Bid Procedures Motion is granted as set forth in this Order.

2.      The Bid Procedures, which are attached hereto **Exhibit "A"** and incorporated herein by this reference, are hereby approved in all respects and shall govern all Bids and Bid proceedings relating to the Sale of the Assets.

3.      The Auction Notice and the Assumption Notice, attached hereto as **Exhibits "B" and "C**,**"** respectively, are approved in their entirety.

4.      The proposed Sale of the Assets, the proposed assumption and assignment of the Assumed Contracts and Leases, the Auction, and the Sale Hearing shall be conducted in accordance with the provisions of the Bid Procedures and this Order.

5.      The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

6.      Within three (3) Business Days following the entry of this Order, Trustee shall serve by ECF or first-class mail, the Bid Procedures and Auction Notice on: (i) the Office of the United States Trustee; (ii) all parties known by Trustee to be asserting a lien on any of Debtor's Assets; (iii) the Internal Revenue Service; (iv) all of Debtor's known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

7.      On or before November 3, 2015, Trustee shall file and serve by email, facsimile, or Federal Express overnight delivery, at Trustee's election based on the information available to Trustee, the Assumption Notice to the counterparties to the Assumed Contacts and Leases.

Counterparties to the Assumed Contracts and Leases (each a "Counterparty")[2] must file and serve an initial objection to the assumption and assignment of the Assumed Contracts and Leases, including the Cure Amounts, by November 9, 2015, 12:00 p.m. (PDT) (the "365 Objection Deadline").

8. Where a Counterparty to an Assumed Contract or Lease files an objection to the assumption by Trustee and assignment to the Prevailing Bidder of such Assumed Contract or Lease (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Amounts listed on the Assignment Notice (the "Disputed Cure Amounts"), Trustee, the Prevailing Bidder, and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the dispute cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Amounts will be determined by the Court at a hearing established for such purpose on November 11, 2015, 1:30 p.m. (PDT) (the "Assumption Hearing").

9. Any Counterparty to an Assumed Contract or Lease that fails to timely object to the proposed Cure Amounts or the proposed assumption and assignment of an Assumed Contract or Lease by the Section 365 Objection Deadline is deemed to have consented to such Cure Amounts and the assumption and assignment of such Assumed Contract or Lease, and such party shall be forever barred from objecting to the Cure Amounts or such assumption and assignment and from asserting any additional cure or other amounts against Debtor, its estate, or the Prevailing Bidder.

10. Except as may otherwise be agreed to by the parties to an Assumed Contract or Lease, the defaults under the Assumed Contracts or Lease that must be cured in accordance with Section 365(b) of the Bankruptcy Code shall be cured as follows: (i) the Prevailing Bidder shall

---

[2] The inclusion of any agreement as an Assumed Executory Contract or Lease does not constitute an admission by Debtor that such agreement actually constitutes an executory contract or unexpired lease within the meaning of Section 365 of the Bankruptcy Code, and Debtor expressly reserves the right to challenge the status of any agreement included as an Assumed Contract or Lease until the conclusion of the Sale Hearing.

5

pay all Cure Amounts relating to an Assumed Contract or Lease upon the earlier of (i) the Closing, or five (5) Business Days after the Court enters an order approving the Sale Order, or (ii) with respect to Disputed Cure Amounts, within three (3) Business Days after the amount thereof is finally determined.

11. Notwithstanding anything to the contrary herein, no executory contract or unexpired lease will be assumed unless and until the occurrence of the Closing of the Sale of the Assets and in accordance with the terms of the APA executed by the Prevailing Bidder.

12. Trustee shall promptly advise any bidder of Trustee's determination that it has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the auction. To the extent that any party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for the Trustee of the objecting party's request for an immediate hearing to address the objection.

13. Any other objections to the relief requested at the Sale Hearing or to the proposed form of order attached as Exhibit "B" to the Bid Procedures Motion (the "Sale Order") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before November 11, 2015, and served in accordance with the Auction Notice so as to be received by Trustee's counsel; provided, however, that supplements to any such objections may be presented at the Sale Hearing on November 25, 2015, at 1:30 p.m.

14. Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of Trustee's proposed Sale of Debtor's Assets, the contemplated assumption and assignment of the Assumed Contracts and Leases, and the proposed Cure Amounts, and no additional notice of such contemplated transactions need be given.

15. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or the consummation and performance of the Sale of the Assets.

16. Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. Trustee is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

20. Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**Signed and Dated Above**

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

*Gary Compton, Esq.*
*Counsel for Boulder Dam Credit Union*

*Bart Larson, Esq.*
*Counsel for Debtors*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###